TRANSIT COMMISSION, Being the Metropolitan Division of the Department of Public Service, Petitioner, Appellant, *v.* THE LONG ISLAND RAILROAD COMPANY, Respondent.

THE CITY OF NEW YORK, Intervenor, Appellant.

Second Department, March 19, 1937.

*George H. Stover* [*Philip Hodes* with him on the brief], for the appellant.

*William G. Mulligan, Jr.* [*Paul Windels, Corporation Counsel,* and *Arthur A. Segall* with him on the brief], for the appellant-intervenor.

*Louis J. Carruthers* [*Otto M. Buerger* with him on the brief], for the respondent.

ADEL, J. The appeal is from an order denying motion of the transit commission, in which the city of New York joined, to punish the Long Island Railroad Company for a contempt of court in willfully failing to comply with the terms of an order of the Special Term, Kings county, dated June 9, 1936.

The order, for non-compliance with which the contempt order was sought, restrains the railroad company from charging " a rate of fare per mile in excess of the rate of fare per mile charged by the Pennsylvania Railroad Company for similar service." The pertinent part of section 57-a of the Railroad Law, under which the action is brought, provides: " A steam or electric railroad corporation having a franchise from this State, operating to and from stations within a city of over a million inhabitants, and owned, controlled or operated by a railroad corporation having a franchise from another State, shall not charge a rate per mile within such city in excess of the rates charged for similar service from such city to stations in an adjacent State."

It is fair to assume that the order intended to follow the statute, and in interpreting the order the language of the statute and the order should be read together. In my opinion, what the statute intended to accomplish was that no higher fares should be charged between stations in the city of New York on the respondent's railroad than are charged between New York city and stations in New Jersey on the Pennsylvania Railroad, having a similar mileage. This has been accomplished by the schedule of rates now in effect. Furthermore, before a finding of contempt can be made, the mandate alleged to have been violated should be so clearly expressed that it can be said with reasonable certainty that it has been violated.

The order should be affirmed, with ten dollars costs and disbursements.

JOHNSTON, TAYLOR and CLOSE, JJ., concur; LAZANSKY, P. J., concurs, with memorandum.

LAZANSKY, P. J., concurs, being of the opinion that The Long Island Railroad Company is charging the same rate per mile as The Pennsylvania Railroad Company is charging in accordance with section 57-a of the Railroad Law, as follows: (1) Two cents per mile for five miles or more, to which there is to be added a rate per mile over said two cents, which will make the fare end in 0 or 5. (2) For distances less than five miles, the rate per mile is a sum which, multiplied by the number of miles, makes the fare ten cents.

Order denying motion to punish The Long Island Railroad Company for contempt affirmed, with ten dollars costs and disbursements.